A94A2043. JONES v. THE STATE.
(449 SE2d 330)

BLACKBURN, Judge.
Following a trial by jury, the appellant, Charles Edward Jones

was found guilty of one count of robbery by sudden snatching and not guilty of one count of misdemeanor theft by taking a bicycle. On appeal, the appellant asserts that the evidence was insufficient to support his conviction of robbery by snatching the purse in that: (1) the jury could not find the appellant guilty of the robbery without finding him guilty of stealing the bicycle, and (2) certain eyewitness identification evidence was weak. We disagree.

Jones was identified by the victim, Odene Hand, as the person who snatched her purse while she sat on a bench outside a car wash. The car wash manager identified Jones as the man having a purse in his hand that he chased to a nearby trailer court. Jones was further identified by a neighbor in the trailer park as the individual he had seen run into a vacant trailer, emerge in different clothes, and go to his own trailer. Upon investigating, the neighbor found a purse, its contents, and clothing scattered on the floor of the empty trailer. He then called police.

We do not determine the credibility of eyewitness identification testimony. Rather "[t]he determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury." *Norris v. State*, 258 Ga. 889, 890 (1) (376 SE2d 653) (1989). Moreover, on appeal, we must view the evidence in the light most favorable to the verdict; the appellant no longer enjoys the presumption of innocence; and, rather than weighing the evidence or determining the credibility of witnesses, this court determines evidentiary sufficiency. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Further, inasmuch as the inconsistent verdict rule has been abolished, *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), we do not reach appellant's argument urging the insufficiency of the evidence for inconsistent verdicts. Neither do we reach Jones' argument asserting insufficiency of the evidence as a result of a "suspect" out-of-court identification not objected to at trial. Where error is raised for the first time before this court, nothing is presented for review, for this court is a court for correction of error and no issue was ever raised during the trial calling for a ruling. *Leonard v. State*, 146 Ga. App. 439, 440 (1) (246 SE2d 450) (1978). We have reviewed all evidence of record and conclude that the jury was authorized under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find the appellant guilty beyond a reasonable doubt.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 5, 1994.

*Jesse W. Owen, L. Clark Landrum*, for appellant.
*C. Paul Bowden, District Attorney, Melinda I. Ryals, Assistant*

*District Attorney*, for appellee.