## A95A2364. MOORE v. THE STATE.
(467 SE2d 5)

McMURRAY, Presiding Judge.

Defendant Moore appeals his conviction of the offenses of rape, false imprisonment, and possession of a knife during commission of a felony. *Held*:

The sole enumeration of error questions the sufficiency of the evidence to authorize conviction of the defendant. The evidence stated in the light most favorable to upholding the jury's verdict shows that defendant was driving around with the victim's boyfriend while drinking beer and using crack cocaine. They stopped briefly at the victim's home, then left. The defendant later returned alone to the victim's home and asked her if she wanted to join him in smoking crack cocaine. At the victim's suggestion they went to a friend's apartment and smoked a small amount of crack cocaine. Then, at defendant's suggestion, they went to his home. After their arrival at defendant's home, he locked the doors and covered the windows before taking out a rock of crack cocaine and offering it to the victim in exchange for sex. The victim refused. Defendant seemed to accept the victim's refusal and the two of them smoked the rock of crack cocaine together. Defendant then asked the victim for sex again and she reminded him of her refusal to trade crack for sex. The victim reiterated that she was not going to have sex with defendant. Defendant then began pacing about, obtained a large hunting knife, and began to insist that the victim have sex with him. The victim attempted to talk defendant out of having sexual intercourse by reminding him of his friendship with her boyfriend, telling him she had AIDS, and that she heard someone in the driveway. Defendant continued to demand that the victim take off her clothes. The victim attempted to leave, but defendant caught her, put the knife to her throat, and turned up the stereo to muffle the victim's screams.

Defendant ordered the victim to lay on the floor and forcibly had sexual intercourse with her. He responded to her resistance by putting the knife to her throat. Afterwards defendant drove the victim

back to her home while telling her not to tell anyone.

When the victim arrived at home her roommate was there. Because the victim was crying and shaking, the roommate asked what was wrong. After the victim explained that she had been raped by defendant, the victim, the roommate, and a male friend of the roommate drove to defendant's home. The victim sat in the car while the male friend confronted defendant with the victim's accusation of rape and defendant denied having sex with the victim or even knowing her.

The male friend drove the victim and her roommate back to their home. The victim then reported the crime by telephone.

Defendant's argument is primarily directed to questioning the character and thus the credibility of the victim whose testimony provided much of the State's evidence. As defendant notes, the victim is an admitted crack cocaine addict, who used the drug several times on the night in question, both before and after the rape of which defendant was convicted. In essence, defendant argues that due to these circumstances a rational trier of fact could not rely upon the testimony of the victim. But defendant fails to cite any authority in support of such a proposition and we find none. Questions as to the credibility of witnesses are within the exclusive province of the jury. On appeal of a criminal conviction this Court does not weigh the evidence or determine the credibility of witnesses, but determines the sufficiency of evidence. *Phillips v. State*, 215 Ga. App. 526, 528 (6) (451 SE2d 517); *Jones v. State*, 214 Ga. App. 788, 789 (449 SE2d 330); *Gray v. State*, 213 Ga. App. 507, 508 (1), 509 (445 SE2d 328). The evidence presented at trial was sufficient to authorize a rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1996.

*Harrison & Willis, Bennett T. Willis, Jr.,* for appellant.
*Charles H. Weston, District Attorney, Kimberly S. Shumate, Laura D. Hogue, Assistant District Attorneys,* for appellee.