S96A1486. BARBER v. THE STATE.
(481 SE2d 813)

SEARS, Justice.

The appellant, Jacorey Barber, a juvenile, was convicted of malice murder, possession of a firearm during the commission of a felony, and theft by receiving stolen property.[1] On appeal, Barber con-

---

[1] The crime occurred on September 21, 1994. Barber was indicted on October 20, 1994. Barber was found guilty on April 26, 1995, and the trial court sentenced him that day. The trial court sentenced Barber to life in prison for murder and to terms of five and ten years in prison, respectively, for the possession of a firearm and theft offenses, both terms to run consecutively to the life sentence. Barber filed a motion for new trial on May 15, 1995, and the court reporter certified the transcript on November 20, 1995. The trial court denied the motion for new trial on May 5, 1996, and Barber filed a notice of appeal on May 29. The

tends that the trial court erred in admitting into evidence a statement he made to police, and that the trial court erred in overruling the *Batson*[2] challenge that Barber raised to the state's striking of two jurors. For the reasons that follow, we affirm.

1. The evidence would have authorized a rational trier of fact to find that Barber shot and killed the victim, who owned a small supermarket near where Barber lived, because Barber was angry over several statements that the victim had made to Barber when Barber was in the victim's store. Having reviewed the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Barber guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. We find no merit to Barber's contention that the trial court erred by admitting into evidence a statement that Barber made to the police.[4] Furthermore, the failure of the police to comply with OCGA § 15-11-19 (a) (3) did not, by itself, render Barber's statement inadmissible.[5]

3. Barber next contends that the trial court erred in overruling Barber's *Batson* challenge to the striking of two jurors. We disagree. The trial court found that the prosecutor's reasons for striking these jurors were sufficiently race neutral to overcome Barber's allegation of racial discrimination, and we cannot conclude that that finding was clearly erroneous.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1997.

*Walter M. Henritze, Jr., Donald C. Turner,* for appellant.
*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant*

---

appeal was docketed in this Court on June 12, 1996, and orally argued on September 9, 1996.

[2] *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Riley v. State,* 237 Ga. 124, 128 (226 SE2d 922) (1976); *Henry v. State,* 264 Ga. 861, 862 (452 SE2d 505) (1995); *McKoon v. State,* 266 Ga. 149, 150 (465 SE2d 272) (1996).

[5] *Lattimore v. State,* 265 Ga. 102, 104 (2) (b) (454 SE2d 474) (1995). In *Lattimore,* we held that

incriminating statements obtained in violation of [OCGA § 15-11-19] are not rendered per se inadmissible, *State v. McBride,* 261 Ga. 60, 63 (2) (b) (401 SE2d 484) (1991); rather, "the issue to be considered is whether there was a knowing and intelligent waiver by [appellant] of his constitutional rights in making the incriminating statements. [Cits.]" Id.

*Lattimore,* 265 Ga. at 104.

[6] *Trammel v. State,* 265 Ga. 156, 157, 158 (454 SE2d 501) (1995); *Zant v. Moon,* 264 Ga. 93, 95 (440 SE2d 657) (1994).

District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.