A97A1644. SPEAR v. THE STATE.
(491 SE2d 164)

MCMURRAY, Presiding Judge.

Defendant Spear appeals his convictions of possession of cocaine with intent to distribute, sale of cocaine, and possession of cocaine with intent to distribute within 1,000 feet of a park, OCGA § 16-13-32.5 (a). *Held*:

1. Three of defendant's four enumerations of error contest the sufficiency of the evidence to authorize his conviction. Defendant's arguments in support of these enumerations of error are directed entirely to credibility issues within the exclusive province of the jury. Of particular note in this regard is the testimony of co-defendant Fuller, an admitted crack cocaine addict and drug dealer who had entered a guilty plea and testified as a prosecution witness.

The charge of possession of cocaine with intent to distribute was based on the discovery of crack cocaine during the search of a residence on April 3, 1996. After receiving information that drugs were being sold from a certain apartment, police went to that address and received a consent to a search of the premises from a female resident. During that search, crack cocaine was found in a number of locations, as well as approximately $2,000 in cash. While the female resident maintained that the cocaine was hers and that defendant had no knowledge of it, co-defendant Fuller testified as to a conversation with defendant shortly after the search during which defendant

acknowledged that the cocaine was his and discussed precautions he planned to take to avoid a repetition of the incident. Fuller also testified that defendant lived in the apartment where the cocaine was found and that he was frequently employed by defendant to drive him to various locations to purchase cocaine. In contrast, the female resident of the apartment could not substantiate her claim of exclusive possession of the cocaine by explaining who she got the contraband from.

The charges of selling cocaine and possession of cocaine with intent to distribute within 1,000 feet of a park arose from a drug purchase by an informant on May 9, 1996. The informant arranged a rendezvous for the purpose of making the drug purchase. An undercover officer accompanied the informant when she went to a public park and met two men from whom she purchased crack cocaine. The undercover officer identified defendant as one of the two men. Codefendant Fuller testified that he was the other person, that defendant gave him the cocaine which he exchanged with the informant for $50, and that he gave the money to defendant. When Fuller and defendant were apprehended shortly after the sale, defendant was in possession of the marked currency which had been provided to the informant to make the drug purchase. Defendant denied having been present in the park when the sale of cocaine occurred.

This Court does not weigh the evidence or determine the credibility of witnesses. *Cost v. State*, 263 Ga. 720 (1) (438 SE2d 79); *Moore v. State*, 219 Ga. App. 818, 819 (467 SE2d 5). The evidence viewed in the light most favorable to the verdict authorized a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jackson v. State*, 226 Ga. App. 604, 606 (2) (487 SE2d 142).

2. Defendant's remaining enumeration of error complains that evidence of his prior conviction for possession of cocaine with intent to distribute was erroneously admitted into evidence. During cross-examination, defendant was asked a number of questions concerning this prior conviction. However, since no objection was offered at trial to this procedure, nothing is preserved for appellate review. *Hardwick v. State*, 210 Ga. App. 468, 470 (6) (436 SE2d 676); *Helton v. State*, 166 Ga. App. 662, 666 (4) (305 SE2d 592).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1997.

*Renée E. Snead,* for appellant.

*Charles H. Weston, District Attorney, Kimberly S. Schwartz, Assistant District Attorney*, for appellee.