S97A2008. SIMON v. THE STATE.
(497 SE2d 231)

SEARS, Justice.

The appellant, Corey Simon, who was 16 years old at the time of the crimes, was convicted of malice murder, felony murder, armed

robbery, and aggravated assault.[1] He was sentenced to life imprisonment for malice murder and to a consecutive life sentence for the armed robbery conviction. The trial court merged the remaining counts into the malice murder count. On appeal, Simon contends, among other things, that the evidence is insufficient to support his convictions, and that the trial court erred in permitting the victim's mother to give hearsay testimony regarding statements made to her by her son. For the reasons that follow, we conclude that the evidence is sufficient to support Simon's convictions; that even if the trial court erred in admitting the alleged hearsay testimony into evidence, the error was harmless; and that none of Simon's other contentions have merit. Accordingly, we affirm Simon's convictions for murder and armed robbery.

1. Simon contends that the evidence is insufficient to support the convictions. The evidence, however, would have authorized a rational trier of fact to conclude that Simon responded to ads placed in a local newspaper by the victim, Joseph Allen Sledge, to sell his recreational four-wheel vehicle; that Simon came to see the vehicle on one occasion; that he arranged a later meeting to purchase the vehicle; and that on that occasion he came to the victim's home with a friend, shot the victim numerous times from close range with a pistol, and stole the vehicle. Contrary to Simon's contention, the evidence is sufficient to support the convictions.[2]

2. Simon contends that the trial court erroneously admitted hearsay into evidence by permitting the victim's mother to testify to statements made to her by the victim. We conclude, however, that even if the trial court erred in admitting this testimony, the error was harmless. The victim's mother's testimony identified "Corey" as the person coming to see the vehicle at 1:00 p.m. on the day the victim was killed. However, other evidence, including Simon's own statement,[3] identified Simon as the person who came to see the vehicle that day. For this reason, any error in admitting the testimony in question is harmless.[4]

3. Simon further contends that the trial court erred in admitting

---

[1] The crimes occurred on January 7, 1996. Simon was indicted on January 22, 1996, and was found guilty and sentenced on May 30, 1996. Simon filed a motion for new trial on June 11, 1996, and amended his motion for new trial on July 30, 1997. The court reporter certified the transcript on August 12, 1997. The trial court denied Simon's motion for new trial, as amended, on August 5, 1997. Simon filed a notice of appeal to the Court of Appeals on August 7, 1997. The Court of Appeals transferred the appeal to this Court by order dated August 19, 1997, and the appeal was docketed in this Court on August 27, 1997. The appeal was submitted for decision on briefs on October 20, 1997.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See Division 3 of this opinion, in which we conclude that the trial court did not err in admitting Simon's statement into evidence.

[4] See *Roper v. State*, 263 Ga. 201, 203 (2) (429 SE2d 668) (1993).

into evidence the statement that he made to Agent Wade of the Georgia Bureau of Investigation. For the reasons that follow, we find no error.

At the *Jackson-Denno* hearing conducted by the trial court, Agent Wade testified that about 5:30 p.m. on January 8, 1996, he spoke to Simon at the Worth County Sheriff's Office. He added that Simon's mother was present during the entire interview; that Simon was sixteen years old at the time of the interview, but was only one week from his seventeenth birthday; that he had completed tenth grade and was currently in the eleventh grade; that Simon stated that he could read and write and in fact read the top portion of the *Miranda* waiver certificate; that Simon stated that he was not under the influence of alcohol or drugs, and wrote a statement to that effect; and that Simon did not appear to be under the influence of alcohol or drugs. According to Agent Wade, he read Simon his *Miranda* rights and asked Simon whether he understood them. Agent Wade added that Simon appeared to understand his rights and stated that he understood them. Agent Wade also testified that he did not offer Simon any hope or benefit in an attempt to get him to make a statement, and that no one threatened or coerced Simon into making a statement. Simon then signed a form, which was introduced into evidence at trial, indicating that he had been informed of his *Miranda* rights; that he understood those rights; that no threats or promises had been made to him; and that he was willing to talk about the death of Joseph Sledge. Agent Wade testified on cross-examination that he did not tell Simon that, if Simon spoke with him, Agent Wade would see that Simon got an ankle bracelet and would be permitted to go home, or that, because he was a juvenile, nothing could be done to him. Agent Wade added that the interview lasted about one hour.

After signing the waiver form, Simon first gave an oral statement about the murder, and then reduced it to writing himself. Simon stated that he and a friend went to the victim's residence, and that he told his friend that he was going to shoot the victim and steal his recreational vehicle. According to Simon's statement, once at the victim's home, Simon shot the victim numerous times with a pistol, and took the vehicle.

Simon's mother testified at the *Jackson-Denno* hearing that Agent Wade told Simon that if Simon told Agent Wade what he knew, Agent Wade would "put some kind of thing on his ankle" and let him go home. Simon's mother acknowledged that no threats were made to Simon, and that she told her son that if he knew anything, he needed to tell Agent Wade.

Considering the evidence presented at the *Jackson-Denno* hearing in light of the standards for determining the admissibility of

statements made by juveniles,[5] we conclude that the record supports the trial court's determination that Simon made a knowing and intelligent waiver of his *Miranda* rights and that his statement was voluntarily given. Moreover, the fact that the police did not take Simon before a juvenile court or a juvenile intake officer[6] does not render Simon's statement inadmissible.[7] For these reasons, we find no merit to Simon's contention that the trial court erred in admitting his statement into evidence.

4. In his remaining enumerations of error, Simon contends that the trial court erred in charging the jury on the types of promises of leniency that would or would not render a defendant's statement involuntary; that the trial court erred in denying a motion for mistrial that he made because the State allegedly shifted the burden of proof to him during the testimony of a forensic expert; that the trial court erred in denying his motion for a continuance; and that the trial court erred in denying his request for a change of venue. We conclude, however, that the trial court did not err in these respects.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 1998.

*Benson, Phillips & Hoffman, Jason K. Hoffman,* for appellant.
*C. Paul Bowden, District Attorney, Thurbert E. Baker, Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.

---

[5] *McKoon v. State*, 266 Ga. 149, 150 (2) (465 SE2d 272) (1996); *Berry v. State*, 267 Ga. 605, 610 (8) (481 SE2d 203) (1997).

[6] See OCGA § 15-11-19 (a) (3).

[7] *Barber v. State*, 267 Ga. 521, 522 (2) (481 SE2d 813) (1997); *Lattimore v. State*, 265 Ga. 102, 104 (2) (b) (454 SE2d 474) (1995).