## A99A0553. CALDWELL v. THE STATE.
### (515 SE2d 868)

BLACKBURN, Presiding Judge.

Defendant Thomas Caldwell appeals his conviction, following a jury trial, of aggravated assault. Caldwell contends that the trial court erred (1) by denying his motion for directed verdict of acquittal, (2) by allowing the admission of hearsay evidence, and (3) by failing to grant his motion for mistrial after his character was injected into evidence. For the reasons set forth below, we affirm.

1. "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction." (Punctuation omitted.) *Cantrell v. State*, 230 Ga. App. 693, 694-695 (1) (498 SE2d 90) (1998).

> A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. Moreover, on appeal the evidence must be viewed in the light most favorable to the verdict, [Caldwell] no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency, not the weight of the evidence, and does not judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve.

(Citations omitted.) *White v. State*, 233 Ga. App. 24, 25-26 (503 SE2d 26) (1998).

So viewing the evidence, it reveals that Caldwell's wife told the investigating officers that she and Caldwell had a fight during which

Caldwell punched her, knocked her down, and fired a gun in her general direction. The investigating officers found spent shell casings at the side of the house eight or nine feet from the area where the victim was pushed and fell to the ground. The officers testified that Caldwell lacked self-control, was glassy eyed, unsteady on his feet, and had a strong odor of alcoholic beverage on his person.

A rational trier of fact could have found Caldwell guilty beyond a reasonable doubt of aggravated assault based on this evidence. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Caldwell contends that the trial court erred by allowing the investigating officers to testify as to what the victim told them on the night of the incident. He contends that such testimony was hearsay. At trial, the victim testified and either denied the statements that the officers attributed to her or stated that she did not remember what she told them.

In *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), the Supreme Court of Georgia determined that "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." Therefore, because the victim testified at trial and was subject to cross-examination, and claimed no privilege concerning such testimony, her prior inconsistent statement was admissible as substantive evidence. The trial court did not err in allowing the officers to testify as to the witness's prior inconsistent statement.

3. Caldwell contends that the trial court erred in denying his motion for a mistrial when the State improperly injected his character into evidence. The record reveals that in response to the State's inquiry regarding whether the victim indicated that she was afraid of Caldwell, the officer responded: "She stated that she was afraid of Mr. Caldwell and that — she advised me that they had had previous complaints." The prosecutor did not ask any questions regarding the previous complaints but continued to ask about the victim's fear and the specific events surrounding the incident. Only after the prosecutor had asked eight more questions, unrelated to "previous complaints," did Caldwell's attorney move for a mistrial on the grounds that Caldwell's character had improperly been placed into evidence.[1] Assuming arguendo that the officer's statement impacted negatively on Caldwell's character, the witness's testimony was not responsive to the prosecutor's question, and there is no indication that the examination was contrived. "When a witness gives a non-responsive

---

[1] We do not reach whether Caldwell's motion for mistrial was sufficiently contemporaneous with the evidence to preserve the issue. See *Smith v. State*, 180 Ga. App. 422, 423-424 (1) (349 SE2d 279) (1986).

answer to a question impacting negatively on the defendant's character, this does not place the defendant's character in issue under OCGA § 24-9-20 (b)." (Punctuation omitted.) *Manker v. State*, 223 Ga. App. 3, 5 (2) (476 SE2d 785) (1996). See also *Williams v. State*, 269 Ga. 827, 829 (5) (504 SE2d 441) (1998). Following the trial court's ruling, Caldwell did not request curative instructions. The trial court did not err in denying Caldwell's motion for mistrial.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 8, 1999 — ▮▮▮

▮▮▮

*James A. Satcher, Jr.*, for appellant.
*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.