A99A2401. WATKINS v. THE STATE.
(526 SE2d 155)

ELDRIDGE, Judge.

Approximately 500 feet from Willingham Village, a public housing project operated by the Rome Housing Authority and a known drug sale location, Bruce F. Watkins was seen by surveillance police officers concealing 13.6 grams of cocaine, having a street value of approximately $1,300. Following his arrest and indictment, which indictment included a recidivist count, a Floyd County jury found Watkins guilty of possession of cocaine with intent to sell; possession of cocaine within 1,000 feet of a publicly owned and operated housing authority; and simple possession of cocaine. He appeals the conviction. We affirm.

1. Watkins first claims error in the trial court's denial of his *Batson*[1] challenge, issued when the State utilized its peremptory

---

[1] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

strikes to remove from the panel three black prospective jurors and one black prospective alternate juror. Following Watkins' motion, the State offered explanations for its use of the strikes, asserting that prospective juror Carl Barner was struck because the State's records showed prior arrests for the juror; while prospective jurors Lucille Carter, Kenneth Jones, and alternate juror Pitts were struck because they each claimed to know the defendant "by face," having seen him around the neighborhood. The trial court found the State's explanations to be sufficiently race-neutral and denied Watkins' *Batson* motion. "During a *Batson* hearing, the trial court sits as the finder of fact and its findings concerning whether the opponent of a strike carried his burden of persuasion are 'entitled to great deference.'" *Dennis v. State*, 238 Ga. App. 343, 346 (5) (518 SE2d 745) (1999), citing *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996).

Before this Court, Watkins concedes that the State's explanation for striking Carl Barner "is sufficient." With regard to the remaining jurors, we find that, "[a] prosecutor's explanation that he used peremptory challenges to strike the prospective jurors because they knew the defendant provides a proper and racially neutral basis for the exercise of his challenges." *Byers v. State*, 212 Ga. App. 110, 113 (2) (441 SE2d 290) (1994).[2]

Watkins has not shown that the trial court's ruling was clearly erroneous. *Pye v. State*, 269 Ga. 779, 781 (1) (505 SE2d 4) (1998); *Dennis v. State*, supra at 347. And because the prosecutor's challenged explanation was race-neutral on its face, we cannot conclude that the trial court's denial of Watkins' *Batson* motion was error. *Barber v. State*, 267 Ga. 521, 522 (3) (481 SE2d 813) (1997); *Knuckles v. State*, 236 Ga. App. 449, 453 (512 SE2d 333) (1999).

2. Next, Watkins contends that the trial court erred in denying his motion for mistrial when the State improperly injected his character into evidence. The record reveals that the State asked the following foundational question to the crime lab expert in order to establish the admissibility of the drugs:

> I'm going to hand you what has been marked as State's Exhibit 1. Obviously, the top has been cut off this bag, but I'll ask you if you'll examine State's Exhibit 1 from the outer envelope down to the actual contents. . . . Have you seen that item before . . . [and] [w]here have you seen it?

To which question the crime lab technician replied, "This is the item

---

[2] See also *Hightower v. State*, 220 Ga. App. 165, 166 (1) (469 SE2d 295) (1996); *Mathis v. State*, 204 Ga. App. 244, 245 (3) (418 SE2d 800) (1992); *Weaver v. State*, 200 Ga. App. 82 (2) (406 SE2d 574) (1991); *Glanton v. State*, 189 Ga. App. 505 (2) (376 SE2d 386) (1988).

that I pulled out of Mr. Johnston's unworked lockbox and did analysis upon, and then I've also brought it here for court for probation revocations."

Watkins moved for a mistrial, claiming that the mention of probation revocations placed his character into evidence. The motion was denied. The trial court offered to give curative instructions, but Watkins declined the offer. He did not renew his motion.

Watkins' failure to renew his motion after declining curative instructions waives this issue on appeal. *Lewis v. State*, 198 Ga. App. 808, 809 (2) (403 SE2d 233) (1991).

Moreover, the prosecutor's foundational question asked only where the technician had first seen the drugs, not where she had taken the drugs. The question did not ask about prior court appearances with the drugs. The portion of the witness' testimony about which Watkins complains was unresponsive to the State's question, and there is no indication — nor allegation — that the examination was contrived. "When a witness gives a non-responsive answer to a question impacting negatively on the defendant's character, this does not place the defendant's character in issue under OCGA § 24-9-20 (b)." (Punctuation omitted.) *Caldwell v. State*, 237 Ga. App. 568, 569-570 (3) (515 SE2d 868) (1999).

3. Watkins claims error in the trial court's denial of both his motion for directed verdict and renewed motion for directed verdict.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. . . . [O]n appeal the evidence must be viewed in the light most favorable to the verdict, [Watkins] no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency, not the weight of the evidence, and does not judge the credibility of the witnesses.

(Citation omitted.) *Coalson v. State*, 237 Ga. App. 570 (515 SE2d 882) (1999).

Watkins contends that the evidence was insufficient to support his conviction, because the identification provided by the surveillance police officer, Tim Smith, was "extremely tainted" due to the insufficiency of his description of Watkins. In addition, after Smith called for backup to detain Watkins, he did not again view and identify Watkins as the perpetrator until after Watkins' arrest.

At trial, however, Tim Smith positively identified Watkins as the man he saw concealing 13.6 grams of cocaine at 1:00 in the afternoon at the incident locale. The allegedly "tainted" nature of Smith's identification was argued exhaustively to the jury and was a matter for

their determination. Such determination was made. We will not go behind it. Officer Smith's positive identification of Watkins, along with the other evidence presented, was sufficient for a rational trier of fact to have found Watkins guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 24, 1999 —
RECONSIDERATION DENIED DECEMBER 3, 1999.

*James C. Wyatt*, for appellant.
*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.