## A01A0581. OWENS v. THE STATE.
(550 SE2d 464)

BLACKBURN, Chief Judge.

Following a jury trial, Billy Lee Owens appeals his conviction for theft by receiving stolen property, contending that the trial court erred by not granting a mistrial after a witness testified that he was on parole at the time he committed the offense. For the reasons that follow, we affirm.

Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in

the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned.

*Holcomb v. State*.[1] See *Mantooth v. State*.[2] In reviewing the denial of a mistrial, we look at the relevant circumstances, including "the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." *Sabel v. State*,[3] overruled on other grounds, *Massey v. Meadows*.[4]

During direct investigation by the State, Detective Atkins, the investigating officer, testified: "[Owens] basically told me that he needed to get this thing straightened out, that he was going to call his parole officer and advise his parole officer." Owens objected and moved for a mistrial outside the presence of the jury. The trial court instructed Atkins not to mention the parole officer again and offered to give a curative instruction. Owens declined the offer and explained that he would later testify that he was on parole as a result of traffic offenses. Owens did so testify later in the trial.

Owens' failure to renew his motion after declining a curative instruction waives this issue on appeal. See *Watkins v. State*.[5] Moreover, in light of the circumstances, including the evidence of guilt, the fact that Atkins made only a passing reference to a parole officer, and the fact that Owens declined a curative instruction and chose instead to testify about why he had a parole officer, we do not find that the trial court abused its discretion by not declaring a mistrial.

Indeed, our Supreme Court has held that a passing reference to a defendant's record does not place his character in evidence. *Johnson v. State*,[6] citing *Ogles v. State*;[7] see *Woodard v. State*[8] (holding that a police officer's testimony that he pulled the defendant's criminal file did not place the defendant's character into evidence).

Owens argues that the Supreme Court's decision in *King v. State*[9] warrants a reversal. We disagree. In *King*, an experienced police officer, who was present in court when the trial court ruled on King's motion in limine that he was not to testify that King had been

---

[1] *Holcomb v. State*, 130 Ga. App. 154, 155 (1) (202 SE2d 529) (1973).

[2] *Mantooth v. State*, 197 Ga. App. 797, 800 (5) (399 SE2d 505) (1990).

[3] *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663) (1983).

[4] *Massey v. Meadows*, 253 Ga. 389, 390 (321 SE2d 703) (1984).

[5] *Watkins v. State*, 241 Ga. App. 251, 253 (526 SE2d 155) (1999).

[6] *Johnson v. State*, 256 Ga. 604, 605 (351 SE2d 623) (1987).

[7] *Ogles v. State*, 238 Ga. 716-717 (235 SE2d 384) (1977).

[8] *Woodard v. State*, 234 Ga. 901, 902 (2) (218 SE2d 629) (1975).

[9] *King v. State*, 261 Ga. 534, 535 (407 SE2d 733) (1991).

in jail, immediately thereafter testified that King had just been released from jail. We find that *King* is distinguishable because, in this case, Atkins was not first instructed by the court to refrain from mentioning the fact that Owens had a parole officer. Also, Owens later explained to the jury that he was on parole because of traffic violations.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JUNE 11, 2001.

*Lloyd J. Matthews,* for appellant.

*Tommy K. Floyd, District Attorney, Sandra A. Graves, Assistant District Attorney,* for appellee.