## A01A0894. HAMILTON v. THE STATE.
(552 SE2d 511)

JOHNSON, Presiding Judge.

Richard Hamilton was convicted of selling cocaine and distributing cocaine within 1,000 feet of a public housing project. He appeals, arguing that the evidence is insufficient to support the convictions because of conflicts in the witnesses' testimony. Hamilton's argument is without merit, and we therefore affirm his convictions.

On appeal, this court must view the evidence in the light most favorable to the verdict, and we no longer presume that the appellant is innocent.[1] We determine the sufficiency, not the weight, of the evidence.[2] And we do not judge the credibility of the witnesses.[3]

Viewed in the light most favorable to the verdict, the evidence in the instant case shows that a City of Calhoun police detective used a confidential informant to buy drugs near the City's public housing project. The detective equipped the informant with a tape recorder and gave him $20. The informant then drove his pickup truck to the

---

[1] *Watkins v. State*, 241 Ga. App. 251, 253 (3) (526 SE2d 155) (1999).
[2] Id.
[3] Id.

housing project area where he encountered Hamilton, who is the informant's cousin and whom the informant has known for many years. The informant asked Hamilton if he had anything, and Hamilton got into the informant's truck. Inside the truck, Hamilton gave the informant one "rock" of crack cocaine, and the informant gave Hamilton $20.

Hamilton then got out of the truck, and the informant drove to meet with the detective. The informant gave the tape and the cocaine to the detective. He also told the detective that he had bought the cocaine from Hamilton, and that Hamilton was wearing blue jeans, a black shirt and a white baseball cap.

The detective, who has known Hamilton for ten years, immediately drove to the housing project area, where he saw Hamilton wearing the clothes described by the informant. The detective later determined that the location of the drug sale is approximately 420 feet from the City's public housing project. About two months after the drug sale, the detective arrested Hamilton pursuant to an arrest warrant.

"Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[4] Here, the jury was authorized to resolve any conflicts in the evidence and find that Hamilton is guilty beyond a reasonable doubt of selling cocaine and of distributing cocaine within 1,000 feet of a public housing project.[5] We therefore uphold his convictions.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JULY 13, 2001.

*William R. Thompson, Jr.*, for appellant.
*T. Joseph Campbell, District Attorney, Donald S. Smith, Assistant District Attorney*, for appellee.

---

[4] *Whitehill v. State*, 247 Ga. App. 267-268 (543 SE2d 470) (2000).
[5] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Spear v. State*, 228 Ga. App. 112, 113 (1) (491 SE2d 164) (1997).