### S02A1071. JOHNSON v. THE STATE.
(570 SE2d 292)

HUNSTEIN, Justice.

Antonio Barnard Johnson was convicted of felony murder, possession of a firearm by a convicted felon and possession of a firearm

during the commission of a crime.[1] He appeals from the denial of his amended motion for new trial. Because we find that reversible error was committed by the introduction before the jury of improper character evidence, we reverse.

1. The evidence adduced at trial authorized the jury to find that appellant joined Montae Chisholm and Eric Grimes as they were walking home from a nearby restaurant. Appellant wanted money for the marijuana he had given Chisholm to sell; Chisholm informed appellant that a boy named "Cuda" had stolen the marijuana from him. The three men passed near a green truck in which Tony Anderson, who bore a strong resemblance to "Cuda," happened to be sitting while waiting for a friend. When they reached Chisholm's home, Grimes entered the apartment and Chisholm, just behind him, looked to his left in time to see appellant pointing a long-barreled weapon in the direction of the green truck. Several shots were fired; one struck Tony Anderson in the head, fatally wounding him. At the time the shots were fired, the only people in the immediate area were the victim and appellant. Appellant came to Chisholm's apartment, panicked upon learning that Tony Anderson rather than "Cuda" had been shot, and fled the home.[2]

Viewed in the light most favorable to the verdict, we find that the evidence was sufficient to enable a reasonable trier of fact to find appellant guilty of felony murder, possession of a firearm by a convicted felon and possession of a firearm during the commission of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thus the trial court did not err by denying appellant's motion for a directed verdict. See *Pye v. State*, 274 Ga. 839 (2) (561 SE2d 109) (2002).

2. Assuming, arguendo, that the matter is not procedurally defaulted, the trial court did not err by failing to bifurcate the trial on the felony murder and possession of a firearm by a convicted felon

---

[1] The crimes occurred on February 13, 1999. Johnson was indicted in Chatham County on October 6, 1999 on charges of malice murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon (specifically, the prior felonies of burglary and possession of a firearm by a convicted felon) and possession of a firearm during the commission of a crime. A jury found him guilty of felony murder based on possession of a firearm by a convicted felon, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime, and acquitted him of the remaining charges. On April 17, 2000 Johnson was sentenced to life for the felony murder, five years consecutive for possession of a firearm by a convicted felon, and five years consecutive for possession of a firearm during the commission of a crime. Johnson filed a motion for new trial on April 13, 2000 and amended it three times. The trial court denied the motion by order filed February 5, 2002. A notice of appeal was filed February 28, 2002. The case was docketed April 2, 2002 and orally argued July 9, 2002.

[2] The State also introduced into evidence certified copies of appellant's prior felony convictions as alleged in the indictment.

charges. See *Jones v. State*, 265 Ga. 138 (2) (454 SE2d 482) (1995).

3. We agree with appellant that the trial court erred by failing to grant his motion for a mistrial when the State introduced before the jury three exhibits that consisted of certified copies of appellant's prior convictions for theft by receiving stolen property.[3] Appellant did not testify at trial and it is uncontroverted that he did not otherwise place his character into evidence. No pre-trial hearing was conducted regarding the admissibility of these independent crimes. See USCR 31.3 (B); *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991).

The transcript reveals that the trial court sustained defense counsel's objection and defense counsel then moved for mistrial. The prosecutor acknowledged that the proffered exhibits were not the prior convictions alleged in the indictment to support the charge of possession of a firearm by a convicted felon and concurred in the defense's mistrial motion. However, at the close of the evidence the prosecution opposed the motion for mistrial, arguing that the tendered evidence had been withdrawn and that the jury was already aware of appellant's criminal past due to the charge of possession of a firearm by a convicted criminal and the properly-admitted underlying felonies for that charge. The trial court rejected the State's first argument, finding from the manner in which the State had tendered the exhibits that the State had placed evidence of the three prior theft by receiving convictions before the jury. However, the trial court agreed with the State as to its second argument that the motion should be denied, holding that the jury's knowledge of appellant's three "fairly minor convictions" would not influence the verdict and that "it may actually, paradoxically, . . . be good for [the jury] to know it was theft by receiving and not something blood curdling."[4]

> "In order to protect an accused and to insure him of a fair and impartial trial before an unbiased jury, we have long embraced the fundamental principle that the general character of an accused is inadmissible unless the accused chooses to put his character in issue. [Cit.]"

*Williams*, supra, 261 Ga. at 641 (2) (a). "Generally in a criminal trial, proof that the defendant committed a distinct, independent, and separate offense is highly and inherently prejudicial, irrelevant and

---

[3] The transcript reveals that the prosecutor tendered into evidence "State's Exhibits 48, 49 and 50. They're certified copies of convictions of the defendant for theft by receiving stolen property, three different counts on three different occasions."

[4] The trial court noted that it had "move[d] the proceedings along as to not call attention" to the State's error. Defense counsel raised the possibility of a curative instruction but, recognizing that such a charge "would merely exacerbate the situation," took the position that only the grant of a mistrial could remedy the error.

inadmissible." *Hudson v. State*, 271 Ga. 477, 479 (521 SE2d 810) (1999). The State may be allowed to introduce such proof only under limited circumstances and upon compliance with the Uniform Superior Court Rules and *Williams*, supra. Id.

We reject the State's argument that introduction of this "highly and inherently prejudicial, irrelevant and inadmissible" evidence, *Hudson*, supra, 271 Ga. at 479, was rendered harmless merely by the State's proper tendering of those prior convictions underlying the possession charge. In a similar case in which the defendant was charged with possession of a firearm by a convicted felon, this Court found error where evidence of an independent offense (a 1994 aggravated assault conviction) was presented to the jury, despite evidence already before the jury that the defendant had been charged with possession of a firearm by a convicted felon based on a 1992 aggravated assault conviction. Id., 271 Ga. at 480. Although the error did not require reversal in *Hudson*, that was due to the admissibility of the evidence for impeachment purposes. No such independent ground is present here to warrant the introduction of this evidence. Compare id., 271 Ga. at 481 (2). Finally, although the evidence was sufficient to authorize the jury's verdict, see Division 1, supra, we do not agree with the State that the evidence was so overwhelming that it is highly improbable the error did not contribute to the judgment. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Accordingly, the trial court erred by denying appellant's motion for a mistrial.

4. We need not address appellant's remaining enumerations, concerning the giving of a charge this Court subsequently disapproved in *Harris v. State*, 273 Ga. 608 (2) (543 SE2d 716) (2001) and the overemphasis of certain testimony, as those matters are unlikely to recur upon retrial. Likewise, we do not reach the propriety of sentencing appellant on both felony murder and the underlying felony for that felony murder conviction. But see *Davie v. State*, 265 Ga. 800 (3) (463 SE2d 112) (1995).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*Solomon A. Amusan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Kimberly D. Rowden, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.