## S07A0798. JOHNSON v. THE STATE.
(647 SE2d 48)

MELTON, Justice.

Following a jury trial,[1] Antonio Johnson appeals his convictions for felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony, contending that the evidence was insufficient to support the verdict and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that Montae Chisholm sold drugs for Johnson, and, on the afternoon of February 13, 1999, Chisholm got into an altercation with a person nicknamed "Cuda" because Cuda stole drugs from him. Chisholm then explained what happened to Johnson who became angered. That night, Anthony Anderson, who witnesses testified closely resembles "Cuda," was waiting in a friend's car in the parking lot of a housing project. Johnson approached the car with Chisholm nearby and asked him whether the person waiting in the car was "Cuda." Chisholm said that he was not sure, but Johnson raised a gun and opened fire anyway. Chisholm witnessed Johnson raising the gun and aiming at Anderson. Anderson thereafter died from a gunshot wound to the head. Several other witnesses placed Johnson at the scene of the crime and testified that they saw him carrying a gun. In addition to this evidence, certified copies of Johnson's prior felony convictions were properly admitted during trial.

This evidence was sufficient to enable the jury to determine that Johnson was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson contends that he received ineffective assistance of counsel, arguing that trial counsel jeopardized his case by presenting

---

[1] On October 13, 1999, Johnson was indicted in Chatham County for murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. On April 17, 2000, a jury convicted Johnson for the charges of felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime, and Johnson appealed. In *Johnson v. State*, 275 Ga. 508 (570 SE2d 292) (2002), we reversed Johnson's conviction due to the introduction of improper character evidence at trial. Thereafter, Johnson was re-tried on the charges of felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. On August 30, 2003, Johnson was found guilty on all of the charges, and he was sentenced to life imprisonment for felony murder, five consecutive years to felony murder for possession of a firearm by a convicted felon, and an additional five years consecutive to felony murder for possession of a firearm during the commission of a felony. Johnson filed a motion for new trial on September 2, 2003, amended on May 15, 2006. The trial court denied the motion on October 30, 2006, and Johnson filed a notice of appeal on November 3, 2006. His timely appeal was docketed in this Court on February 14, 2007, and submitted for decision on the briefs.

an alibi defense. To establish ineffective assistance of counsel, Johnson is required to show both that his trial counsel's performance was deficient and that this deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Moreover, Johnson must overcome the strong presumption that counsel's performance fell within the broad range of reasonable professional conduct and judgment. Id.

The record reveals that, prior to trial, Johnson contended that he was at home at the time of the murder. Johnson's mother corroborated this testimony, and based on this evidence, trial counsel decided to present an alibi defense. To do so, trial counsel called Johnson's mother to the stand and allowed her to testify that Johnson was at home with her at the time that the victim was killed. Johnson now takes issue with this decision, contending that the presentation of an alibi defense weakened the credibility of his case because so many other witnesses placed Johnson at the scene of the crime. Trial counsel's decision, however, was a reasonable trial tactic in defense of his client. This strategic decision does not equate to ineffective assistance simply because Johnson and his present counsel, with the benefit of hindsight, now question the efficacy of the strategy employed. *DeYoung v. State*, 268 Ga. 780, 785 (5) (493 SE2d 157) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2007.

*Emory B. Bazemore*, for appellant.

*Spencer Lawton, Jr., District Attorney, Kimberly D. Rowden, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.