*62 HUNSTEIN, Justice,
dissenting.
I respectfully dissent because the majority’s holding of harmless error under the circumstances presented here eviscerates the requirements of Uniform Superior Court Rules 31.1 and 31.3 and improperly permits the introduction of evidence of independent acts of the accused without the procedural protections we have insisted are mandatory. As we have recognized, evidence of an independent act committed by the accused is “highly and inherently prejudicial” because it raises “an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion.” Williams v. State, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991). Evidence of an independent act directly, and inappropriately, places the accused’s character in issue and invites the jury, wittingly or unwittingly, to adjudicate the guilt of the accused based on evidence of an independent act rather than that of the offense charged in the indictment. Id. at 641-642. This is why we have held that the trial court must hold a hearing pursuant to Rule 31.3 (B) before any evidence of independent offenses or acts may be admitted at trial. See id. Compliance by the State and the trial court with Rules 31.1 and 31.3 is not optional; it is mandatory. Id. at 642 (“[B]efore any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B).”) (emphasis supplied); Barrett v. State, 263 Ga. 533, 535 (2) (436 SE2d 480) (1993) (“compliance with... Rules 31.1 and 31.3 for all prior acts ... is mandatory”), overruled on other grounds, Wall v. State, 269 Ga. 506 (2) (500 SE2d 904) (1998); USCR 31.1 (notice of the State’s intention to present evidence “shall be given”) (emphasis supplied); USCR 31.3 (B) (“judge shall hold a hearing”) (emphasis supplied).
Given the evidence presented here, I believe it is highly probable that the errors — the State failing to provide proper notice pursuant to Rules 31.1 and 31.3 (B) and the trial court failing to conduct a Rule 31.3 (B) hearing and make affirmative findings on the record — did contribute to the verdict. The matching shell casings directly linked the Buckhead armed robbery to the crimes at the McClure home and the evidence raised the inference that Peoples was involved both in the Buckhead armed robbery and in the crimes charged, particularly as a shooter. The jury heard evidence that Morrow identified Little from a photographic lineup as the man who shot him. With the shooter of Morrow identified, this leaves for the jury the open question of who shot J.R. Once the Buckhead armed robbery evidence was admitted, the jury may well have reasonably decided that *63 Peoples shot J.R. by drawing the impermissible inference that because Peoples committed the Buckhead armed robbery, he also committed the crimes in this case.
The majority purports to “weigh the evidence as we would expect reasonable jurors to have done so.” Yet, as even the trial court acknowledged, the evidence of the Buckhead armed robbery was “extremely damaging to the defense” and “extremely prejudicial.” Once the Buckhead armed robbery evidence was admitted, People’s character was tainted, and he was no longer tried solely for the crimes charged in the indictment.
Moreover, although the majority notes that Peoples had notice of the Buckhead armed robbery evidence — via relevant police reports, witnesses on the State’s witness list, and the State’s notification that it might seek to offer the evidence — this does not comply with the specific notice requirements of Rules 31.1 and 31.3 (B). “The purpose of timely advance notice is to allow the defendant to investigate the validity, relevancy, and other aspects of admissibility of the prior offenses.” Rodriguez v. State, 211 Ga. App. 256, 258 (4) (a) (439 SE2d 510) (1993). The notice requirement is a further safeguard protecting against the improper admission of an accused’s character, and the State’s intention to use such evidence certainly will affect the defense’s trial strategy. Thus, I disagree with the majority and would find that it was highly improbable that the trial court’s error in admitting this evidence did not contribute to the jury’s verdict.
Under the majority’s analysis, I question when an error for failure to comply with Rule 31 would ever not be harmless.
[B]y gradual evolution, the rule that the character of a defendant in a criminal case can not be put in issue or attacked has been gradually chiseled away and finally located in the shadow of other principles, the application of which has been deemed necessary for the enforcement of the criminal laws; and while the principle still lives in theory as a memory of the past, [the majority’s holding today makes the rule] of little practical effect in the actual trial of cases.
Green v. State, 172 Ga. 635, 640 (3) (158 SE 285) (1931). I believe that the proper course in this particular case is to find that the error was not harmless and to reverse. See, e.g., Johnson v. State, 275 Ga. 508 (3) (570 SE2d 292) (2002) (reversible error where there was no Rule 31.1 notice, trial court did not conduct hearing regarding admissibility of prior crimes in compliance with Rule 31.3 (B), and it was highly improbable that the error did not contribute to the verdict); Williams, 261 Ga. at 642-643 (failure by the trial court to make the essential *64 preliminary determination as to whether the State was introducing similar transaction evidence for the appropriate purpose required reversal of conviction); see also Ragan v. State, 264 Ga. 190 (2), (3) (442 SE2d 750) (1994) (failure to give notice and make the affirmative showings at a Rule 31.3 (B) hearing required reversal).
Decided April 10, 2014.
J. Scott Key, for appellant.
David McDade, District Attorney, James A. Dooley, Emily K. Richardson, Assistant District Attorneys, Samuel S. Olens, Attorney General, PatriciaB. Attaway Burton, Deputy Attorney General, Paula K Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.
For all of these reasons, I respectfully dissent. I am authorized to state that Chief Justice Thompson and Justice Benham join in this dissent.