**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 22, 2015**

# In the Court of Appeals of Georgia

A15A1373. SMALLWOOD v. STATE

BARNES, Presiding Judge.

Samuel Smallwood appeals his conviction for trafficking in methamphetamine and possession of drug-related items. Smallwood contends the trial court erred by failing to grant a mistrial when improper evidence came out regarding his criminal history. For the reasons that follow, we affirm.

"[W]hether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial." (Citation & punctuation omitted.) *Wynn v. State*, 332 Ga. App. 429, 434 (2) (773 SE2d 393) (2015). We view the evidence on appeal "in the light most favorable to sustain the verdict." *Anthony v. State*, 317 Ga. App. 807 (732SE2d 845) (2012). So viewed, the record shows the following relevant facts.

Smallwood was traveling in a car with three other people when an officer pulled them over for a broken tail light. After the officer spoke with the passengers, he believed three out of the four were high on methamphetamine and decided to investigate further. The owner of the vehicle consented to a search and the officer found methamphetamine or drug-related items on all of the passengers, except Smallwood. On Smallwood's person they found $2,270 which he claimed belonged to another passenger. Underneath the car, the officers discovered two magnetic containers that held more drugs and a gun. The other three occupants of the car entered plea bargains and agreed to testify against Smallwood at trial. They testified that the drugs and money belonged to Smallwood, that he stopped at someone's house before the drive, and that he approached the rear of the vehicle when they stopped mid-trip. During the trial, Smallwood moved for mistrial twice alleging that improper character evidence came out through the testimony.

The jury found Smallwood guilty of trafficking in methamphetamine and the possession of drug-related objects. Smallwood moved for a new trial on the same argument of improper character evidence. The trial court denied the motion and held that the implicating evidence was not enough to make the trial unfair. Smallwood filed a timely appeal.

1. First, Smallwood contends the trial court erred by failing to grant a mistrial when character evidence regarding his criminal history came out in an audio/video recording the State played during trial. He maintains that the admission of evidence violated his right to a fair and impartial trial before an unbiased jury. We disagree.

Before trial both parties stipulated that Smallwood's criminal history would not come into evidence. The State planned to show the audio/video recording of the traffic stop and agreed to redact any mention of Smallwood's past criminal history including where the arresting officer asked the driver of the vehicle about Smallwood's parole status. At trial, the State played the video during the officer's testimony but failed to mute the tape before the officer asked about Smallwood's parole status. Smallwood objected and moved for a mistrial on the presumption that the jury heard the officer. The parties agreed the jury never heard a response from the driver because the State immediately muted the recording, right before Smallwood's objection. Since the audio/video recording could not be entered into the record, the trial court was unsure if the jury heard the full word 'parole', as Smallwood claimed, or just the beginning of the word, as the State claimed. It was also unsure if the question pertained to Smallwood or to another person and ultimately denied the motion for mistrial. The trial court offered to either sustain the objection, move to

strike the material, or provide curative instructions, but Smallwood declined all of these options.

Generally, the character of the defendant should not come into evidence unless he chooses to put his character in issue and "when prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial." *White v. State*, 268 Ga. App. 28, 32 (4) (486 SE2d 338) (1997). The decision to grant or deny a mistrial lies within the sole discretion of the trial court and we review the court's actions for an abuse of that discretion by looking at several factors, such as " the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." (Citation & punctuation omitted.) *Agee v. State,* 279 GA. 774, 777 (4) (621 SE2d 434) (2005). We also consider additional facts like "whether the reference to the improper character evidence is isolated in brief, whether the jury's exposure was repeated or extensive, and whether the introduction of the objectionable evidence was inadvertent or whether it was deliberately elicited by the State." *Jackson v. State*, 321 Ga. App. 607, 610 (1) (739 SE2d 86) (2013).

Looking at these factors, the trial court did not abuse its discretion in denying Smallwood's motion for mistrial. The jury heard the word briefly during a line of

4

questioning with a third person witness on an audio/video recording which the State immediately muted. The jury's exposure to the word 'parole' was brief, the question was out of context, misleading, unanswered, and the State's failure to mute the recording was "clearly inadvertent."

Smallwood cites *Johnson v. State*, 275 Ga. 508, 510 (3) (570 SE2d 292) (2002), to show that the admitted character evidence violated his right to a fair trial. But in that case the State entered three certified copies of the defendant's prior convictions into evidence, which seems much more prejudicial than a mention of the word 'parole'. Id. The present case is more similar to *Jackson*, 321 Ga. App. at 612(1), where the State unintentionally played a recording implicating the defendant. The court held that there was no reasonable probability that the statement contributed to the guilty verdict as the statement was "likely heard by the jury only once" and "was a brief single, comment made toward the end of an approximately thirty minute recording." Id.

Furthermore, the mere mention of a defendant's criminal history "falls short of placing his character at issue." (Citation & punctuation omitted.) *Mathis v. State*, 299 Ga. App. 831, 835 (1) (c) (i) (684 SE2d 6) (2009) (upholding the denial of motion for mistrial when a witness testified the defendant said he did not want to return to jail).

5

Reviewing the evidence in light of the above factors, we find the trial court did not abuse its discretion in denying Smallwood's motion for mistrial.

2. Second, Smallwood contends that the trial court erred by failing to grant a mistrial when improper character evidence was introduced during witness testimony regarding the fact defendant had been in prison. We disagree.

During trial, the State asked the driver of the vehicle to explain his relationship with Smallwood by establishing they attended junior high school together and they were still acquainted. When asked if he still remained in contact with Smallwood the witness replied "[W]e lost contact till he got out of prison two-and-a-half or three years ago or something like that." Smallwood objected and moved for a mistrial based on admission of improper character evidence from both the recording and the witness.

The State argued that it warned all of its witnesses to avoid mention of Smallwood's past criminal history and asked the trial court for curative instructions to remedy any prejudice. The witness claimed the State never spoke with him about his testimony or told him to avoid mentioning the fact Smallwood was incarcerated. Smallwood called the witness's brother in support of the motion for mistrial to testify that he had been with the witness all day and no one had approached them about his testimony. On cross, he admitted that he did not hear everything the State said to his

6

brother. The State acknowledged that it could not be positive anyone spoke with the witness but reported that it told the other witnesses, the two other passengers and a police officer, to not bring up Smallwood's criminal history. The State also argued that the statement was not responsive to the question asked, and the court agreed the answer "was certainly not elicited by the state." The court denied the motion, concluding that the answer about Smallwood's prison time was not necessarily responsive to the question and agreed to give curative instructions to rectify any prejudice.

The trial court instructed the jury to disregard the witness's testimony given immediately before Smallwood's objection as irrelevant because "it has no bearing on this case" and " [i]t's something that would be highly improper for you to consider." To determine if the jurors understood, it asked the jurors to raise their hands if they felt they could not follow the instructions and every juror kept his hand down. Next, it asked the jurors to raise their hands if they thought they could and would follow the instructions, and this time every juror raised his hand. Smallwood renewed his motion for mistrial after the curative instructions, which the court again denied.

Once again, we must review the trial court's actions for an abuse of discretion based on the statement, the surrounding circumstances, the court's response and other evidence in the case. *Agee*, 279 Ga. at 777 (4).

> [M]otions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned

*Owens v. State*, 250 Ga. App. 61, 61 (550 SE2d 464) (2001). Here, the court ruled that the State did not elicit a response about the defendant's past criminal history, but that the witness volunteered the information. The court then supplied curative instructions.

Smallwood cites *Jackson v. State*, 302 Ga. App. 412, (691 SE2d 553) (2010), where two witnesses testified about the defendant's incarceration, one directly after the other. This court reversed the denial of a motion for mistrial based on the fact that the court gave curative instructions twice in a short time span and the witnesses' used the same language, 'incarceration', with clear intent after instructions otherwise. Id. at 416 (1). *Thomas v. State*, 322 Ga. App. 734, 741 (3) (746 SE2d 216) (2013).

8

Smallwood's trial is distinguished because the witness only mentioned the defendant's past criminal history in reference to their relationship, and the court gave curative instructions only once.

This case is more similar to *Morgan v. State*, where a witness responded that the defendant was incarcerated at some point when asked about her relationship with him. *Morgan v. State*, 303 Ga. App. 358, 361 (2) (693 SE2d 504) (2010). This court ruled that "an unresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue." Id. at 362 (1). Here, the witness testified that he lost contact with Smallwood while he was in prison when the State attempted to ask about their relationship.

Furthermore, "no mistrial would have been granted as a nonresponsive answer that impacts negatively on defendant's character does not improperly place the defendants character in issue." Id. at 362 (1). See also *Billings v. State*, 308 Ga. App. 248, 253 (4) (707 SE2d 177) (2011).

Additionally, any error that arose from the jury having heard these unsolicited passing references to Smallwood's previous criminal entanglements was harmless in light of the overwhelming evidence against Smallwood. As noted earlier, all three of the car's other occupants pled guilty to various offenses and testified at trial for the

9

State. One of the passengers, who had dated Smallwood for about six months, testified that the money and drugs belonged to Smallwood. She described stopping at a house where Smallwood went in and came out with a box that looked like the one containing methamphetamine that the police found under the car.

We conclude that the trial court did not abuse its discretion in denying Smallwood's motion for mistrial because the witness's comment was nonresponsive, brief, and the trial court provided curative instructions, and because the evidence against Smallwood was overwhelming.

*Judgment affirmed. Ray and McMillian, JJ., concur.*