A98A0213. HORNE v. THE STATE.
A98A0214. GREEN v. THE STATE.
(501 SE2d 47)

BEASLEY, Judge.

Tried together, Erlando Vashawn Horne and Marshall E. Green were convicted of two counts of armed robbery (OCGA § 16-8-41). In their separate appeals from the denial of their motions for new trial, Horne and Green challenge the sufficiency of the evidence on grounds the testimony of two alleged accomplices was incredible and conflicting. This being a matter for the jury to decide, their argument fails. Horne also claims his counsel was ineffective. This enumeration fails because Horne provides no evidence or valid argument demonstrating any deficiency or prejudice.

1. Regarding sufficiency of the evidence, the standard of review is set out in *Jackson v. Virginia*:[1] "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Viewed in this light, the evidence showed that during his lunch break Green drove Horne to Macon where they jointly persuaded two others, Davis and Johnson, to return with them to the nearby town of Gray to rob the Food Lion store where Green was employed that day. While driving back to Gray, Green stopped at a department store so that Horne, using Green's money, could buy bandannas to mask their faces during the robbery. Green outlined a plan in which the other three would come to the back door of the store right after it closed, where he would be waiting to let them in. The three would go to the front of the store where two store employees would be counting the day's receipts.

Green took the three to Horne's home and returned to work. Horne obtained a bookbag and a sawed-off shotgun and walked with Davis and Johnson to wait outside the store. Meanwhile, Green arranged with a supervisor to complete his duties near the back door early so he would be in another part of the store when the accomplices entered. Soon after the store closed Green let the accomplices in. They donned their bandannas and proceeded to the front of the store. Horne disabled the phone and stood as a lookout while Davis threatened the two store employees with the shotgun and Johnson put the money in the bookbag. One store employee recognized Horne. After the three escaped, Davis and Johnson met up with Green and divided the money, with Green taking Horne's share. Green drove them back to Macon.

---

[1] (Emphasis omitted.) 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

Davis and Johnson pleaded guilty to the crimes and testified against Green and Horne. In addition to their testimony and the testimony of the store employees, the sheriff testified Green told him he had given Horne's share to Horne's father. Another officer took an oral and a written statement from Horne in which he admitted participating in the robbery. This is ample evidence to sustain Green's and Horne's convictions.[2] The court did not err in denying their motions for new trial on this ground.

Defendants nevertheless claim the testimony of Davis and Johnson should not have been believed because they were not entirely consistent about the purchasing and wearing of the bandannas. Nor did these witnesses agree on how the weapon was disposed of. Also, Davis had signed a statement stating Horne had nothing to do with the robbery. But "[q]uestions as to the credibility of witnesses are within the exclusive province of the jury. On appeal of a criminal conviction this Court does not weigh the evidence or determine the credibility of witnesses, but determines the sufficiency of evidence. [Cits.]"[3]

It is also "settled law in this State that the testimony of one accomplice may be corroborated by the testimony of another accomplice."[4] Although portions of their testimony may be inconsistent or conflicting on several details, "their testimony with regard to [defendants'] aid to them was sufficiently corroborative to establish that [defendants were] party to the [robbery]."[5] The testimony of the other witnesses and Horne's statement to the police constituted corroboration.

2. Horne claims he received ineffective assistance of counsel. His motion for new trial did not enumerate this as a ground, nor was it amended to include this ground even though he was appointed new appellate counsel ten months before the court ruled on the motion, and even though appellate counsel filed a brief in the trial court arguing this point as "an additional factor" warranting a new trial. The court denied the motion, noting that it had considered the motion as well as the brief and that "oral argument" had been waived, as indeed it expressly had been. No evidentiary hearing was held nor requested.

---

[2] See OCGA §§ 16-2-20; 16-8-41 (a).

[3] *Moore v. State*, 219 Ga. App. 818, 819 (467 SE2d 5) (1996); see *Spear v. State*, 228 Ga. App. 112 (1) (491 SE2d 164) (1997) (jury determines credibility of accomplice's testimony).

[4] (Citations and punctuation omitted.) *Brown v. State*, 188 Ga. App. 266 (372 SE2d 832) (1988); see *Riley v. State*, 268 Ga. 640 (491 SE2d 802) (1997); *Blalock v. State*, 250 Ga. 441, 443 (4) (298 SE2d 477) (1983).

[5] *Allen v. State*, 224 Ga. App. 324, 325 (3) (480 SE2d 328) (1997); see *Allen v. State*, 222 Ga. App. 492, 493 (474 SE2d 698) (1996) ("there is little significant dispute between the accomplices as to the nature of the overall criminal enterprise or defendant's role in it").

A motion for new trial may be amended any time prior to the court's ruling thereon.[6] If Horne's brief did not amend his motion for new trial to include the ineffective assistance claim, then the claim was waived, for new counsel had ample opportunity to raise the ground at the trial level.[7]

A brief normally does not serve such a purpose. *Maner v. Robinson*,[8] a civil case, held a brief did not amend the new trial motion to include additional grounds.[9] In *Edwards v. State*[10] the defendant similarly failed formally to amend his new trial motion to include an ineffective assistance claim, even though he argued it in his brief. But *Edwards* held that even without the formal amendment of the motion, the trial court in its discretion had implicitly allowed the motion to be amended. *Edwards* explained that in addition to the brief a hearing had been held at which defendant had had the opportunity to address the ineffective assistance claim, and that the trial court's order denying the motion for new trial stated it was denied on each and every ground.[11] The order did not state the ineffective assistance claim had been waived. Having been raised and ruled on, the claim was reviewable on appeal.

Similarly, because the order in this case states the court considered Horne's brief and the citation of authority contained therein, its denial of the motion included a denial of the ineffective assistance claim argued in the brief. The court implicitly allowed an amendment of the new trial motion. The claim is reviewable.

"In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. A defendant must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense."[12]

Horne fails to make the requisite showing. He expressly waived oral argument and failed to request an evidentiary hearing. *Dawson*

---

[6] OCGA § 5-5-40 (b).

[7] See *Miller v. State*, 226 Ga. App. 509, 516 (6) (486 SE2d 911) (1997); see generally *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

[8] 166 Ga. App. 514 (1) (304 SE2d 569) (1983).

[9] See *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821, 823 (4) (354 SE2d 6) (1987) (mentioning new ground in oral hearing did not amend motion for new trial).

[10] 220 Ga. App. 74, 75 (1) (467 SE2d 379) (1996).

[11] Id. at 75.

[12] (Citations and punctuation omitted.) *Hollis v. State*, 225 Ga. App. 370, 371 (3) (484 SE2d 54) (1997); see *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).

*v. State*[13] held that "[w]hen appellate counsel raises the issue of ineffective assistance of counsel in an amended motion for new trial, appellate counsel must request a hearing on the issue. If no such request is made, the right to a hearing is waived." *Dawson* explained further that an evidentiary hearing may not always be needed to determine the merits of an ineffective assistance claim. "Each case must be considered on its individual facts. Generally if the claim of ineffectiveness relates to matters outside of the record, then trial counsel's testimony will usually be needed. Likewise, if the claim involves matters during the course of the trial as shown by the transcript, then trial counsel's testimony may not be required."[14]

Horne's first complaint about his trial counsel's conduct was that counsel presented four character witnesses as the sum total of the defense. Determining which witnesses to call is a classic example of a decision relating to matters outside the record.[15] Absent evidence to the contrary, the decision is presumed strategic and cannot serve as grounds for ineffective assistance.[16]

Horne's only other complaint about trial counsel's conduct is his failure to make or reserve objections to the jury charge. This alleged error was made during the course of the trial as shown by the transcript; it can be determined without an evidentiary hearing. But Horne identifies no jury instructions that were erroneous or should have been given. Green, whose trial counsel did reserve objections and who now has the same appellate counsel as Horne, does not identify any errors in the jury charge. Trial counsel for each defendant admitted the court charged everything they requested.

The record shows Horne failed to carry his burden of proof. The court's denial of a new trial on the ground of ineffective assistance is not clearly erroneous and must be upheld.[17]

*Judgments affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 1, 1998.

*Lawrence, Ford & Ridgeway, Francis N. Ford*, for appellants.
*Fredric D. Bright, District Attorney, Richard M. Gailey, Jr.*,

[13] 258 Ga. 380, 381 (2) (369 SE2d 897) (1988).
[14] Id. at 381 (3).
[15] *Dawson v. State*, 186 Ga. App. 718, 721 (6) (368 SE2d 367) (1988), rev'd in part on other grounds, 258 Ga. 380 (369 SE2d 897) (1988).
[16] *Thomas v. State*, 268 Ga. 135, 139 (12) (485 SE2d 783) (1997) ("[i]n the absence of contrary evidence, defense counsel's actions are presumed to be part of trial strategy"); *Brewer v. State*, 219 Ga. App. 16, 21 (7) (463 SE2d 906) (1995) (same).
[17] *Edwards*, supra, 220 Ga. App. at 75 (1) (" ' "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous." ' ").

*Assistant District Attorney*, for appellee.