A07A0844. SIMMONS v. THE STATE.
(651 SE2d 359)

BERNES, Judge.

Norman Simmons appeals his conviction of misdemeanor theft by taking. He contends that there was insufficient evidence to convict

---

[28] See *In the Interest of M. W.*, supra.
[29] See *In the Interest of K. N.*, supra at 54 (b).

him because the State allegedly failed to prove that the stolen item had value. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys the presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted.) *Ellis v. State*, 283 Ga. App. 808, 809 (642 SE2d 869) (2007). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence adduced at trial reflects that the victim owned a utility trailer, which he stored at a mobile home park in Dodge County. On January 18, 2006, the victim went to the park to pick up his trailer, but it was gone. He later spoke with the residents to see if they had heard or seen anything unusual. One resident had recorded the license tag number of a pickup truck which she had seen pulling the victim's trailer at 3:00 or 4:00 in the morning.

After obtaining this information from the resident, the victim reported the theft to the local sheriff's office. A deputy ran the tag information, and it came back that the pickup truck belonged to Simmons. The deputy and the victim then went to Simmons' home, where they saw the utility trailer parked in his yard still hooked to the pickup truck. The victim spoke with Simmons, who admitted that he had stolen the utility trailer.

Simmons was arrested and indicted on one count of theft by taking. The indictment averred that Simmons had taken the utility trailer "with a value of more than $500.00, with the intention of depriving [the victim] of said property." At the subsequent jury trial, the victim and the resident of the mobile home park who had taken down the tag number testified to what had transpired. In the course of his testimony, the victim stated that he never gave Simmons permission to borrow his utility trailer. Additionally, the victim testified that he had purchased the trailer for $1,100 in 2001, but that based on improvements he had made to it, the trailer was now worth $1,500. In contrast, Simmons took the stand and testified that he believed he had permission to borrow the utility trailer, and that the trailer was a "short" one and thus was worth less than $500.

The jury returned a verdict of theft by taking of a value less than $500. The trial court thereafter sentenced Simmons for misdemeanor theft by taking. This appeal followed in which Simmons contends that

his conviction must be overturned because the state failed to prove that the stolen trailer had any value.

We reject Simmons' contention. OCGA § 16-8-2 provides that a person is guilty of theft by taking "when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." Notably, "[v]alue is not an element of theft by taking as proscribed by OCGA § 16-8-2. The value of stolen property is relevant only for purposes of distinguishing between a misdemeanor and a felony. OCGA § 16-8-12 (a)." (Citation omitted.) *Hight v. State*, 221 Ga. App. 574, 575 (2) (472 SE2d 113) (1996). Thus, as long as the State presents evidence that the stolen property had some value at the time it was stolen, a conviction for theft by taking will be sustained. See *Bryan v. State*, 148 Ga. App. 428, 429-430 (2) (251 SE2d 338) (1978).

Here, the victim testified that he purchased the utility trailer for $1,100 and had made improvements to it. This testimony alone was sufficient to establish that the trailer had some value. See *Denson v. State*, 240 Ga. App. 207, 208 (2) (523 SE2d 62) (1999); *Dotson v. State*, 144 Ga. App. 113, 114 (2) (240 SE2d 238) (1977). Accordingly, we conclude that the jury was authorized to find Simmons guilty beyond a reasonable doubt of theft by taking. *Jackson*, 443 U. S. 307.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 1, 2007.

*Thomas H. Hyman*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.