**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2014**

# In the Court of Appeals of Georgia

A14A0636. BEASLEY v. THE STATE.

DILLARD, Judge.

Following a trial by jury, Robert Beasley was convicted of trafficking cocaine.[1] On appeal, Beasley contends that (1) the evidence is insufficient to sustain his conviction; (2) the trial court erred in denying his motion to suppress evidence; (3) the court admitted impermissible testimony; (4) the court erroneously sentenced him as a recidivist; and (5) his right to due process was violated when the trial judge failed to disclose and/or disqualify himself for an apparent conflict of interest. Because we cannot discern from the current record whether the fifth enumeration of error has been preserved for appellate review, and because the resolution of this enumeration may

---

[1] Beasley was tried with Kayla Stewart, whose appeal we address separately in Case Number A14A0337.

ultimately moot the other alleged errors, we vacate the trial court's denial of Beasley's motion for new trial and remand for findings of fact consistent with this opinion.

As explained more fully in Case Number A14A0337, Beasley was convicted of trafficking cocaine after drugs were discovered in a hotel room that he shared with his girlfriend, Kayla Stewart, on December 24, 2011. The Honorable Jack Kirby presided over the trial conducted in the Superior Court of Coweta County, and Judge Kirby is married to the chief assistant district attorney in the Coweta Judicial Circuit District Attorney's Office. Beasley contends that he was unaware of this fact prior to trial and that he should be granted a new trial as a result of the trial judge's failure to disclose this information. But the trial court summarily denied Beasley's motion for new trial, and, for the reasons set forth *infra*, we cannot glean from the record before us whether this enumeration of error was properly preserved for appellate review. As such, we vacate the trial court's order denying Beasley's motion for new trial and remand for further proceedings consistent with this opinion.

As previously noted, it is undisputed by the State that Judge Kirby is married to the chief assistant district attorney in the relevant circuit and, in fact, that he has since recused himself from handling *all* criminal cases following the Judicial

Qualifications Commission's (JQC) issuance of an opinion on the matter. Specifically, the JQC determined that because Judge Kirby is married to the chief assistant district attorney in his judicial circuit, he "has a direct financial interest in his spouse's employment," and that his spouse's "supervisory authority in the district attorney's office" requires recusal.[2]

In reaching the foregoing determination, the JQC relied heavily on Canon 3 of the Code of Judicial Conduct, noting that this canon "requires judges to disqualify themselves in all criminal proceedings in a circuit where the judge presides if the judge's spouse serves in a supervisory or managerial role in the Office of the District Attorney," and emphasizing that "given the ongoing nature of the conflict and the strong public interest in the appearance of strict impartiality in criminal cases, . . . remittal of disqualification is not permitted because of the appearance of bias concerning a party or the lawyers in the proceeding."[3]

In considering the matter before us, we are cognizant that this situation is factually similar to that at issue in our Supreme Court's opinion in *Stephens v.*

---

[2] Judicial Qualifications Commission, Op. 238 (May 1, 2013).

[3] *Id.*; *see also* Code of Judicial Conduct Canon 3 (C), (E), (F).

*Stephens*,[4] in which that Court held that a judge should have been disqualified when his son was employed at the law firm of an attorney participating in a case before him.[5] And in so holding, the Supreme Court noted that the JQC had previously issued an opinion expressing that a judge should recuse himself in such a situation.[6] However, in the case *sub judice*, we cannot yet determine from the record before us whether the trial court erred in denying the motion for new trial on this asserted ground.

The record reflects that Beasley was convicted on November 9, 2012, and his first motion for new trial was filed on November 28, 2012. On December 19, 2012, Judge Kirby issued a rule nisi scheduling a hearing on Beasley's motion for new trial for February 14, 2013. Thereafter, on January 24, 2013, Beasley's attorney filed a motion to withdraw as counsel, which was denied by Judge Kirby on February 1,

---

[4] 249 Ga. 700 (292 SE2d 689) (1982).

[5] *Id.* at 701-03 (2).

[6] *Id.*; *see also* Judicial Qualifications Commission, Op. 20 (Nov. 2, 1977). *See generally Friends of the Chattahoochee, Inc. v. Longleaf Energy Assocs., LLC*, 285 Ga. 859, 861-63 (684 SE2d 632) (2009) (Nahmias, J., statement regarding recusal) (providing in-depth discussion of *Stephens v. Stephens* in announcing his decision to recuse from all cases involving representation by the global law firm of King & Spalding LLP, at which the justice's wife is employed as an equity partner).

2013. The order of denial indicated that the motion hearing would still be held on February 14, 2013.

On February 8, 2013, Beasley sought a continuance of the motion hearing, indicating financial difficulties in procuring the trial transcript and in formally retaining his counsel to pursue post-trial relief. On April 4, 2013, Judge William Hamrick issued a writ of *habeas corpus ad prosequendum*, scheduling a hearing on the motion for new trial for May 9, 2013. Judge Hamrick then issued a second writ of this nature on July 2, 2013, scheduling a hearing on the motion for new trial for July 18, 2013. Finally, Judge Hamrick issued a third such writ on July 18, 2013, scheduling a hearing on the motion for new trial for August 16, 2013.

Beasley filed a brief in support of his motion for new trial on August 16, 2013. In the brief and at the hearing, Beasley argued that he was deprived of a fair trial due to a conflict of interest created by Judge Kirby's marriage to a member of the district attorney's office in the same judicial circuit. Beasley's counsel contended that neither she nor her client was aware of this relationship prior to trial and that both had

5

learned of the conflict only afterwards.[7] However, nothing in the record establishes when *exactly* Beasley and his counsel learned of the apparent conflict of interest.

In the recent decision of *State v. Hargis*,[8] our Supreme Court held that the issue of recusal was not properly preserved for appellate review when the defendant first raised it in a motion for new trial but did not also seek disqualification of the trial judge to hear the motion for new trial.[9] But the Supreme Court also made clear the limitations of its holding in *Hargis*, noting:

---

[7] We note that although motions for new trial may be amended any time prior to the trial court's ruling thereon, *see* OCGA § 5-5-40 (b), the record does not contain an amended motion. And although a brief normally does not serve such a purpose, a trial court may implicitly allow a motion to be amended. *See Horne v. State*, 231 Ga. App. 864, 866 (2) (501 SE2d 47) (1998) ("[B]ecause the order in this case states the court considered [the defendant's] brief and the citation of authority contained therein, its denial of the motion included a denial of the ineffective assistance claim argued in the brief. The court implicitly allowed an amendment of the new trial motion. The claim is reviewable."); *see also Edwards v. State*, 220 Ga. App. 74, 75 (1) (467 SE2d 379) (1996). Here, the trial court's order denying the motion for new trial notes that the motion was denied after the court "read and considered" the motion, held a hearing as to same, and "considered the arguments made." Accordingly, this claim is at least initially reviewable.

[8] 294 Ga. 818 (756 SE2d 529) (2014).

[9] *Id.* at 822 (1) ("Even after [the defendant] learned of the grounds for the potential disqualification of the trial judge, he apparently decided to take his chances with the same judge on his motion for new trial. That was his choice to make, but he could not do so and still preserve the disqualification issue for review in the appellate courts.").

We decide today that raising a disqualification issue in a motion for new trial is not sufficient to preserve the issue, at least so long as the same judge—the one allegedly disqualified—is hearing the motion for new trial. If, by the time the grounds for disqualification are known, the allegedly disqualified judge no longer is presiding over the case, we suppose that it might be sufficient to raise the issue in a motion for new trial, inasmuch as a motion to recuse would serve no purpose in such a case. But this is not such a case.[10]

And here, Beasley never filed a motion for Judge Kirby to recuse himself, instead raising the issue of disqualification for the first time in August 2013. But unlike in *Hargis,* the original trial judge did not preside over the motion for new trial. Indeed, it is undisputed that following issuance of the JQC opinion on May 1, 2013, the original trial judge was reassigned from hearing *all* criminal matters, and the record reflects no orders signed by Judge Kirby after February 2013.

Nevertheless, based on the current state of the record, we are unable to determine exactly when Beasley and his counsel first became aware of the grounds for disqualification—*i.e.,* we cannot tell whether they learned of the grounds after trial but prior to filing the motion for new trial in November 2012, at a later point but

---

[10] *Id.* n.9.

7

prior to Judge Kirby's reassignment, or only after Judge Kirby's reassignment.[11] Accordingly, because we cannot discern whether this enumeration of error has been properly preserved for appellate review as delineated in *Hargis*, we vacate the trial court's order denying Beasley's motion for new trial and remand this case to the trial court to make findings of fact as to when Beasley and his counsel first learned of the grounds for disqualification.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Miller, J., concur.*

---

[11] We note that at the motion-for-new trial hearing, the trial judge was dismissive of Beasley's argument that he was previously unaware of the basis for recusal, suggesting that Judge Kirby's marriage was common knowledge within the circuit. While the identity of a judge's spouse may indeed be common knowledge to his colleagues or, perhaps, to some of the attorneys who regularly practice before the judge (with members of the District Attorney's Office, of course, also being colleagues of the judge's spouse in the case *sub judice*), it strains credulity to suggest that *every* lawyer who regularly practices in the Coweta Judicial Circuit would be apprised of such information (much less an attorney who infrequently practices in that circuit).