**FIRST DIVISION
DOYLE, C. J.,
BOGGS AND RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 27, 2016**

# In the Court of Appeals of Georgia

A15A1713. BEASLEY v. THE STATE.                              DO-065 C

DOYLE, Chief Judge.

In 2011, Robert C. Beasley was convicted of trafficking cocaine, and he appealed to this Court, enumerating various errors including a challenge to the sufficiency of the evidence and a conflict of interest on the part of the trial judge.[1] This Court ruled that it could not determine on the record whether the conflict of interest issue had been preserved for review, so the case was remanded for "the trial court to make findings of fact as to when Beasley and his counsel first learned of the grounds for disqualification" of the trial judge.[2] On remand, the State consented to a new trial, which the trial court granted without making findings as to the conflict

---

[1] See *Beasley v. State*, 328 Ga. App. 96 (761 SE2d 509) (2014) ("*Beasley I*").

[2] Id. at 100.

of interest issue, over Beasley's objection on double jeopardy grounds. Beasley now appeals from the order granting the new trial contending that (1) the trial court erred by declining to hold an evidentiary hearing on the alleged conflict of interest issue, (2) a new trial was an inappropriate remedy for the alleged conflict of interest, (3) double jeopardy bars a new trial, and (4) the evidence was insufficient to support the trial verdict. For the reasons that follow, we affirm.

The record shows that Beasley, Kayla Stewart, and Natdaniel Whetstone were indicted for trafficking cocaine; Beasley and Stewart were tried jointly, with Whetstone testifying for the State in exchange for the dismissal of his charge.[3] As outlined in this Court's opinion in Stewart's appeal of her conviction for simple possession, which we reversed for insufficient evidence of her guilt, the

> indictment resulted from law enforcement's discovery of drugs in a Newnan hotel room that Stewart and Beasley shared on December 24, 2011, after responding to a call from the hotel. Stewart, who still lived in her parents' home, informed law enforcement that she rented the room

---

[3] We note that both parties rely in part on the record in a related case, Case No. A14A0337, Stewart's appeal following her joint trial with Beasley. See *Stewart v. State*, 328 Ga. App. 78 (761 SE2d 497) (2014). Also, pursuant to Beasley's request under Court of Appeals Rule 42 (c), the Court has retained the record from Beasley's first appeal, Case No. A14A0636. Each of these appeals arose from the same indictment and trial transcript, and we have consolidated the records for purposes of this case.

so that she and Beasley could spend some time together. At 10:00 p.m., however, Stewart decided to leave the hotel because she was frustrated by constant interruptions from Beasley's friends, including Whetstone. Beasley remained in the room with Whetstone until approximately 11:00 p.m., when the two left the premises to go shoot pool.

At trial, Whetstone — who testified for the State in exchange for dismissal of the charges against him — noted that prior to leaving the hotel room, Beasley smoked marijuana, which he pulled from a white bag that was inside the hotel-room microwave. Beasley informed Whetstone that the bag contained "yams," which Whetstone understood to mean cocaine. Whetstone also observed Beasley remove cash from a drawer.

According to Whetstone, after getting into his car to leave, Beasley noticed law enforcement arriving at the hotel, and, as a result, he asked Whetstone to circle the building to see if officers were going inside of his room. Then, not long after driving away from the hotel, the two men were stopped by law enforcement after officers entered the room and discovered marijuana, cocaine, and a large stack of cash, all in plain view. Stewart was apprehended later, and she and Beasley were subsequently tried and convicted, although the jury convicted Stewart of the lesser offense of simple possession.[4]

---

[4] (Footnotes omitted.) *Stewart*, 328 Ga. App. at 78-79.

In the trial held before Coweta County Superior Court Judge Jack Kirby,[5] Beasley was convicted on November 9, 2012, of trafficking cocaine.[6] Beasley first moved for a new trial on November 28, 2012, and after several procedural delays, including the assignment of a new judge, Judge William G. Hamrick, to the case,[7]

> Beasley filed a brief in support of his motion for new trial on August 16, 2013. In the brief and at the [subsequent] hearing, Beasley argued that he was deprived of a fair trial due to a conflict of interest created by Judge Kirby's marriage to a member of the district attorney's office in the same judicial circuit. Beasley's counsel contended that neither she nor her client was aware of this relationship prior to trial and that both had learned of the conflict only afterward.[8]

Judge Hamrick denied Beasley's motion, giving rise to *Beasley I*. Because the record in that case did not reflect when Beasley learned of the grounds for

---

[5] Judge Kirby is married to the chief assistant district attorney in the Coweta Judicial Circuit, and he has since recused himself from all criminal matters in that circuit. See *Beasley*, 328 Ga. App. at 97.

[6] See id. at 97-98.

[7] See id. at 98.

[8] Id. at 98-99

4

disqualification of Judge Kirby,[9] this Court ruled that it could not "discern whether [the disqualification issue had] been properly preserved for appellate review."[10] Accordingly, the Court "vacate[d] the trial court's order denying Beasley's motion for new trial and remand[ed] this case to the trial court to make findings of fact as to when Beasley and his counsel first learned of the grounds for disqualification."[11]

On remand, the State consented to a retrial, and over Beasley's objection, the trial court ordered a retrial without reaching the disqualification issue. Beasley now appeals the order granting the new trial.

1. Beasley first argues that the trial court erred by ordering a new trial without holding an evidentiary hearing as this Court directed in *Beasley I*. Beasley correctly points out that the opinion in *Beasley I* specifically sought further findings as to Beasley's knowledge of the disqualification issue, and the trial court failed to make

---

[9] See generally *State v. Hargis*, 294 Ga. 818, 822, n. 9 (756 SE2d 529) (2014) (discussing the need to timely raise a disqualification issue and stating in dicta that "[i]f, by the time the grounds for disqualification are known, the allegedly disqualified judge no longer is presiding over the case, we suppose that it might be sufficient to raise the issue in a motion for new trial, inasmuch as a motion to recuse would serve no purpose in such a case").

[10] *Beasley I*, 328 Ga. App. at 100.

[11] Id.

such findings. But the trial court's action did not undermine this Court's disposition; rather, the trial court sought to maximize judicial economy by moving forward with a new trial with the State's concession. Although this Court's "decision and direction shall be respected and carried into full effect in good faith by the court below,"[12] the record before us does not demand reversal on this ground.

2. Beasley next argues that a new trial was not the correct remedy for a conflict of interest on the part of the trial judge. As support, he cites *Pope v. State*,[13] which addressed a scenario in which a trial judge failed to adequately disclose his law clerk's future employment with the district attorney who tried the case. The Court in that case explained its analysis as follows:

> Ideally, the trial judge should have made a disclosure on the record of his law clerk's future employment. The defendant might have decided to waive any right of recusal[,] and this waiver could have been placed on the record. Otherwise, the trial judge should at least have excused his law clerk from any further participation in this case.

> No such disclosure appears in the record of this case. Nonetheless, if the defendant was aware of a possible basis for recusal, he had no right to

---

[12] OCGA § 5-6-10.

[13] 256 Ga. 195 (345 SE2d 831) (1986), overruled on other grounds by *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999).

sit back, await a possibly favorable verdict, and then raise the issue for the first time after trial.

On the question of notice and prior knowledge, the affidavits are in conflict. This [C]ourt is ill-equipped to make the factual determinations necessary to a proper resolution of this issue. We therefore remand this case to the trial court for a hearing. If the defendant or his attorneys knew of a possible basis for recusal prior to trial and failed to raise it in a timely manner, the conviction may be affirmed. If the issue was raised at the first opportunity after the discovery of the relevant facts, the conviction must be reversed.[14]

Notably, the decision in *Pope* does not explicitly address what might happen after the conviction is reversed. Instead, it merely states that reversal may be required if the defendant timely raised a recusal issue.[15] After a conviction is reversed based on a procedural error, as opposed to an evidentiary insufficiency, cases are routinely retried in new trials. For example, in *Sallie v. State*,[16] when a defendant was convicted in a trial in which his attorney had an actual conflict of interest, the Supreme Court

---

[14] (Citation and punctuation omitted.) *Pope*, 256 Ga. at 214 (26).

[15] See id.

[16] 269 Ga. 446 (499 SE2d 897) (1998).

7

of Georgia reversed the conviction and remanded the case for a new trial.[17] Thus, contrary to Beasley's assertions, *Pope* does not stand for the proposition that a criminal defendant cannot be retried after his conviction is reversed based on a procedural error. Accordingly, this enumeration fails.

3. Beasley next argues that a new trial is barred on double jeopardy grounds.

> The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy." It has long been settled, however, that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.[18]

> It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. In short, reversal for trial error, as distinguished from evidentiary

---

[17] See id. at 446, 448 (2).

[18] (Citation omitted.) *Lockhart v. Nelson*, 488 U. S. 33, 38 (109 SCt 285, 102 LE2d 265) (1988). See also *State v. Caffee*, 291 Ga. 31, 34 (3) (728 SE2d 171) (2012) (explaining that the Double Jeopardy Clause "does not preclude the State from retrying a criminal defendant whose conviction is set aside due to trial error, such as the incorrect admission of evidence or improper instructions.").

8

insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e. g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.[19]

Here, the error Beasley complained of, a conflict of interest on the part of the trial judge, did not implicate his guilt or innocence or the sufficiency of the evidence introduced by the State at trial. Thus, as Beasley concedes, if the State adduced sufficient evidence of his guilt to authorize his conviction in his first trial,[20] double jeopardy concerns would not bar his retrial in the event of a procedural error.

4. With respect to the sufficiency of the evidence, Beasley argues that the State failed to adequately demonstrate that he possessed the cocaine. We disagree.

---

[19] (Citations and punctuation omitted.) *Burks v. United States*, 437 U. S. 1, 15 (III) (98 SCt 2141, 57 LE2d 1) (1978).

[20] See generally *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (holding that a valid conviction must be premised on evidence which, "after viewing the evidence in the light most favorable to the prosecution, [would authorize] any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt") (emphasis omitted).

When the appellate courts review the sufficiency of the evidence, they do not "re-weigh the evidence" or resolve conflicts in the testimony; instead they defer to the jury's assessment of the weight and credibility of the evidence. Appellate courts determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[21]

The evidence at Beasley's trial included testimony by Whetstone that Beasley smoked marijuana after pulling it from a bag in the hotel microwave. According to Whetstone, the bag also contained "yams," which Whetstone explained was crack cocaine. Later crime lab testing confirmed that the substance was cocaine weighing a total of 34.39 grams with a purity ranging from 37.6 percent to 43.4 percent, which exceeds the statutory threshold for trafficking.[22] Beasley argues that Whetstone's testimony that Beasley possessed the cocaine requires corroboration under former OCGA § 24-4-8,[23] which provided that in "felony cases where the only witness is an

_____

[21] (Citations and punctuation omitted.) *Dority v. State*, __ Ga. App. __, __ (780 SE2d 129) (2015).

[22] See OCGA § 16-13-31 (a) (1).

[23] Because Beasley's trial occurred before January 1, 2013, the former Evidence Code applied. See Ga. L. 2011, p. 99, 214 § 101 (new Evidence Code effective for trials commencing on or after January 1, 2013).

accomplice, the testimony of a single witness is not sufficient" to establish a fact. We note that in this context, "sufficient corroborating evidence may be circumstantial, it may be slight, and it need not of itself be sufficient to warrant a conviction of the crime charged."[24]

Pretermitting whether Whetstone was an actual accomplice for purposes of the statute,[25] there was other evidence corroborating these events. The police found the bag containing the drugs in the location where Whetstone described it, as well as a large amount of cash in the drawer where Whetstone described seeing Beasley retrieve the cash. Third parties smelled marijuana coming from the room where Beasley was accused of smoking it after retrieving it from the bag containing cocaine, concurrent with the time described by Whetstone, and police smelled burnt marijuana when they entered the hotel room shortly after Beasley and Whetstone left. The officer who stopped Beasley and Whetstone described smelling marijuana on Beasley but not Whetstone. Finally, the narcotics investigator who processed the crime scene

---

[24] (Punctuation omitted.) *Threatt v. State*, 293 Ga. 549, 551 (1) (748 SE2d 400) (2013).

[25] See generally *Williams v. State*, 289 Ga. 672, 673 (1) (715 SE2d 76) (2011) (holding that a witness was not an accomplice because "there was no evidence that [the witness] advised, encouraged[,] or counseled appellant to commit any crime . . . or that [the witness] intended to participate in any crime") (citation omitted).

and took the contraband into evidence testified that there was cocaine present in the immediate vicinity of the marijuana remains found in plain view in the hotel room. Based on the proximity and co-mingling of the cocaine and marijuana found in the hotel room, there was at least some evidence, even if circumstantial, corroborating Whetstone's testimony that Beasley exercised control over both the marijuana and cocaine.[26] Any inconsistencies in the evidence were for the jury to resolve, and viewed in the proper light, the evidence adduced at Beasley's trial corroborated Whetstone's testimony and was sufficient to authorize a guilty verdict.

Because the evidence sufficed to support the guilty verdict, and any conflict of interest constituted trial error only, the trial court correctly ruled that the Double Jeopardy Clause does not bar retrial.[27]

---

[26] See *Kegler v. State*, 317 Ga. App. 427, 432 (1) (b) (731 SE2d 111) (2012) (circumstances discovered by police corroborated accomplice's account), overruled on other grounds by *Hamm v. State*, 294 Ga. 791 (756 SE2d 507) (2014); *Gilmore v. State*, 315 Ga. App. 85, 88 (1) (726 SE2d 584) (2012) ("Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. Moreover, the corroborating evidence itself need not be sufficient to warrant conviction, but only tend to connect and identify defendant with the crime. The corroborating evidence may consist entirely of circumstantial evidence and may include [the] defendant's conduct before and after the crime was committed.") (punctuation and footnote omitted).

[27] See *Caffee*, 291 Ga. at 34 (3).

*Judgment affirmed. Boggs and Rickman, JJ., concur.*