# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2018

*The Court of Appeals hereby passes the following order:*

**A18A2065.  ERLANDO VASHAWN HORNE v. THE STATE.**

In 1996, Erlando Vashawn Horne was convicted of two counts of armed robbery and sentenced to serve consecutive 15-year terms of imprisonment.  We affirmed his convictions on direct appeal.  See *Horne v. State*, 231 Ga. App. 864 (501 SE2d 47) (1998).  In May 2018, Horne filed a motion to correct illegal sentences, claiming his sentences were void because the armed robbery counts should have merged.  The trial court denied the motion, and Horne filed this appeal.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 n.1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Horne's merger argument is a challenge to his convictions rather than his sentences and does not constitute a valid void-sentence claim.  See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).  Further, Horne's sentences do not constitute punishment that the law does not allow, as his crime of armed robbery was punishable by life imprisonment.  See OCGA § 16-8-41 (b) (1996).  Because Horne has not

raised a valid void-sentence claim, we lack jurisdiction to consider his appeal.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,   07/19/2018          *
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*